IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRANCH BANKING AND TRUST COMPANY,<br><br>      Plaintiff,<br><br>v.<br><br>MITCHELL F. COOKE,<br><br>      Defendant. | Civil Action File<br>No. 1:16-CV-04102-TWT |

**STATEMENT OF UNDISPUTED MATERIAL FACTS
IN SUPPORT OF PLAINTIFF'S MOTION FOR
<u>SUMMARY JUDGMENT AGAINST DEFENDANT</u>**

Plaintiff Branch Banking and Trust Company ("BB&T"), pursuant to Northern District of Georgia Local Rule 56.1(B)(1), submits the following statement of material facts as to which there is no genuine issue to be tried in support of its Motion for Summary Judgment Defendant Mitchell F. Cooke ("Cooke").

**A.     The Loan Documents.**

1.     On June 7, 2006, DHSS executed under seal and delivered to Main Street Bank that certain promissory note of even date in the face amount of $5,823,725.00 (the "Original Note").  (Deposition of Mitchell F. Cooke ("Cooke

Dep.") at 40:4-40:12 & Ex. 2; Declaration of La'Torrie Williams ("Williams Decl., ¶ 5 & Ex. 1.)

2. Cooke executed the Original Note as a manager and member of DHSS. (Cooke Dep. at 40:4-40:12 & Ex. 2.)

3. In connection with the Original Note, Main Street Bank disbursed loan proceeds to DHSS in the amount of $5,823,725.00 for the purpose of developing a self-storage facility. (*Id.* at 40:15-40:21 & Ex. 2; Williams Decl., ¶ 6 & Ex. 1.)

4. BB&T subsequently acquired Main Street Bank and is the successor by merger to Main Street Bank. (Cooke Dep. at 40:23-41:1, 42:9-42:12; Williams Decl., ¶ 7.)

5. On May 7, 2009, DHSS executed under seal and delivered that certain Modification, Renewal and Restatement of Note (For Notes Acquired by Merger) of even date in the face amount of $5,823,725.00, made payable to BB&T (the "Restated Note" and, collectively with the Original Note, the "Note"). (Cooke Dep. at 41:16-42:1 & Ex. 3; Williams Decl., ¶ 8.)

6. Cooke executed the Restated Note as the manager of DHSS. (*Id.*)

7. The Note was secured by certain real property located at 2775 Dallas Highway, Marietta, Cobb County, Georgia, as more particularly described in that

certain Deed to Secure Debt With Power of Sale granted by DHSS in favor of Main Street Bank dated June 7, 2006, and recorded in Deed Book 14341, Page 1303, Cobb County, Georgia records (the "Property" and the "Security Deed"). (Cooke Dep. at 36:21-37:10; Williams Decl., ¶ 9 & Ex. 2.)

8. The Note is unconditionally guaranteed by that certain Guaranty Agreement from Cooke to BB&T dated May 7, 2009 (the "Guaranty"), which Cooke executed under seal. (Cooke Dep. at 43:5-44:11 & Ex. 4; Williams Decl., ¶ 10.)

9. The Guaranty contains the following provisions:

As an inducement to Branch Banking and Trust Company and/or BB&T Financial, FSB (collectively, "Bank") to extend credit to and to otherwise deal with DHSS Properties LLC ("Borrower"), and in consideration thereof, the undersigned . . . hereby *absolutely and unconditionally guarantees to Bank and its successors and assigns the due and punctual payment of any and all notes, drafts, debts, obligations and liabilities, primary or secondary (whether by way of endorsement or otherwise), of Borrower*, at any time, now or hereafter, incurred with or held by Bank together with interest as and when the same become due and payable, whether by acceleration or otherwise.

…

*Bank may receive and accept from time to time any securities or other property as collateral to any such notes, drafts, debts, obligations and liabilities, and may surrender, compromise, exchange and release absolutely the same or any part thereof at any time without notice to the undersigned and without in any manner affecting the obligation and liability of the undersigned hereby created.* The undersigned

3

agrees that Bank shall have no obligation to protect, perfect, secure or insure any security interests, liens or encumbrances now or hereafter held for the indebtedness, obligations and liabilities for which this Guaranty is made.

…

*This obligation and liability on the part of the undersigned shall be a primary, and not a secondary, obligation and liability, payable immediately upon demand without recourse first having been had by Bank against the Borrower or any other guarantor, person, firm or corporation, and without first resorting to any property held by Bank as collateral security; and the undersigned hereby waives the benefits of all provisions of law, including but not limited to the provisions of O.C.G.A. section 10-7-24 or its successor, for stay or delay of execution or sale of property or other satisfaction of judgment against the undersigned on account of obligation and liability hereunder until judgment be obtained therefor against the Borrower and execution thereon returned unsatisfied, or until it is shown that the Borrower has no property available for the satisfaction of the indebtedness, obligation or liability guaranteed hereby, or until any other proceedings can be had*; and the undersigned hereby agrees to indemnify the Bank for all costs of collection, including but not limited to the costs of repossession, foreclosure, reasonable attorneys' fees, and court costs incurred by the Bank in the event that the Bank should first be required by the undersigned to resort to any property held by the Bank or in which the Bank has a security interest or to obtain execution or other satisfaction of a judgment against the Borrower on account of Borrower's obligation and liability for its indebtedness guaranteed hereby; and the undersigned further agrees that the undersigned is responsible for any obligation or debt, or portion thereof, of the Borrower to the Bank which has been paid by the Borrower to the Bank and which the Bank is subsequently required to return to the Borrower or a trustee for the Borrower in any bankruptcy or insolvency proceeding; and the undersigned further agrees that none of the undersigned shall have any right of subrogation, reimbursement or indemnity whatsoever, nor any right of

recourse to security for the debts and obligations of the Borrower to Bank unless and until all of the debts and obligations of the Borrower to Bank have been paid in full. The undersigned hereby waives, to the extent avoidable under any provision of the Bankruptcy Code, any right arising upon payment by the undersigned of any obligation under this Guaranty to assert a claim against the bankruptcy estate of the Borrower.

…

*In addition to the other waivers set forth elsewhere in this Guaranty, the undersigned also hereby waives and agrees not to assert or take advantage of* (a) if allowed by applicable law, the defense of the statute of limitations in any action hereunder or for the collection of the indebtedness or the performance of any obligation hereby guaranteed; (b) any defense that may arise by reason of the incapacity, lack of authority, death or disability of the undersigned, Borrower, or any other party or entity, or the failure of Bank to file or enforce a claim against the estate (either in administration, bankruptcy or any other proceeding) of Borrower or any other party or entity; (c) any defense based upon the failure of Bank to give notice of the existence, creation or incurring of any new or additional indebtedness or obligation or the failure of Bank to give notice of any action or non-action on the part of any other party whomsoever, in connection with any obligation hereby guaranteed; (d) *any defense based upon an election of remedies by Bank which destroys or otherwise impairs any subrogation rights of the undersigned to proceed against Borrower for reimbursement, or both*; (e) *any defense based upon failure of Bank to commence an action against Borrower or any other guarantor of the indebtedness guaranteed hereby*; (f) any duty on the part of Bank to disclose to the undersigned any fact that it may know or hereafter know regarding Borrower; (g) acceptance or notice of acceptance of this Guaranty by Bank; (h) as stated above, notice of presentment and demand for payment of any of the indebtedness or performance of any of the obligations hereby guaranteed except as otherwise required in this Guaranty; (i) as set forth above, protest and notice of dishonor or of default to the undersigned or to any other party with respect to the Indebtedness or performance of obligations

5

hereby guaranteed; (j) except as otherwise provided herein, any and all other notices whatsoever to which the undersigned might otherwise be entitled; (k) *any defense based on lack of due diligence by the Bank and the collection, protection or realization upon any collateral securing the Indebtedness evidenced by the Note or any of the other Loan Documents, or both*; (l) any transfer by Borrower of all or any part of the security encumbered by the Loan Documents; and (m) *any other legal or equitable defenses whatsoever to which the undersigned might be entitled, to the extent permitted by law, unless such defenses are based upon the willful misconduct of the Bank*.

…

In the event of the occurrence of a "Default" or "Event of Default" otherwise relating to the indebtedness evidenced by the Note(s) or evidenced or secured by any of the other Loan Documents or any of them, or relating to the transactions contemplated by the Loan Documents or any of them in any order, *all rights, powers and remedies available to Bank in such event shall be non-exclusive and cumulative of all other rights, powers and remedies provided thereunder or hereunder or by law or in equity*. Accordingly, the undersigned hereby authorizes and empowers Bank upon the occurrence of Default or Event of Default under the Note(s) or Loan Documents, at its sole discretion, and, except as otherwise provided herein, without notice to the undersigned, to exercise and cause to be exercised any right or remedy which Bank may have, including, but not limited to, judicial foreclosure, non-judicial foreclosure by exercise of power of sale, acceptance of a deed or assignment in lieu of foreclosure, appointment of a receiver to collect rents and profits, exercise of remedies against personal property, or enforcement of any assignment of leases, rents, profits, accounts and certificates of deposit, or any other security, whether real, personal or tangible or intangible. *At any public or private sale of any security or collateral for any indebtedness or any part hereof guaranteed hereby, whether by foreclosure or otherwise, Bank may in its discretion, purchase all or any part of such security or collateral so sold or offered for sale for its own account and may apply against the amount bid therefor the balance due it pursuant to the Note(s) or any of the other Loan*

6

> *Documents without prejudice to Bank's remedies hereunder against the undersigned for deficiencies, if allowed by applicable law. If the Indebtedness guaranteed hereby is partially paid by reason of the election of Bank, its successors, endorsees or assigns, to pursue any of the remedies available to Bank or if such indebtedness is otherwise partially paid, then this Guaranty shall nevertheless remain in full force and effect, and the undersigned shall remain liable for the entire balance of the Indebtedness guaranteed hereby, even though any rights which the undersigned may have against Borrower may be destroyed or diminished by the exercise of any such remedy.*

(*Id.* at 1 (emphasis added).)

10. BB&T is the holder of the Note and Guaranty. (Williams Decl., ¶ 11.)

11. DHSS and Cooke defaulted under the Note and Guaranty, respectively, by failing to pay the Note in full at maturity on July 7, 2009. (Cooke Dep. at 42:18-42:23, 44:13-44:15; Williams Decl., ¶ 12.)

12. On February 2, 2010, BB&T conducted a nonjudicial foreclosure sale of the Property, pursuant to the power of sale contained in the Security Deed (the "Foreclosure Sale"). (Cooke Dep. at 45:1-45:13 & Ex. 5; Williams Decl., ¶ 13.)

13. The Property was sold at auction to Atlas NC I SPE, LLC ("Atlas"), a wholly-owned subsidiary of BB&T, for a credit bid of $5,260,000.00. (Cooke Dep. at 45:14-45:21 & Ex. 5; Williams Decl., ¶ 14.)

14. BB&T credited the $5,260,000.00 credit bid against the principal amount of the indebtedness owed by DHSS and Cooke as of the Foreclosure Sale. (Cooke Dep. at 45:14-45:21 & Ex. 5; Williams Decl., ¶ 15.)

15. BB&T obtained two appraisals prior to the Foreclosure Sale that valued the Property at $5,260,000.00 and $5,180,000.00. (Williams Decl., ¶ 16.) BB&T utilized the higher valuation for the credit bid at the Foreclosure Sale. (*Id.*)

16. On June 16, 2010, Atlas sold the Property to Public Storage for $3,900,000.00. (Cooke Dep. at 38:21-39:4; Williams Decl., ¶ 17.)

17. On March 3, 2010, BB&T commenced that certain foreclosure confirmation action known as *Branch Banking and Trust Company v. DHSS Properties LLC, Mitchell F. Cooke, and Cooke Enterprises Inc.*, No. 10-1-2032-48, Superior Court of Cobb County, Georgia (the "Confirmation Action"). (Williams Decl., ¶ 18.)

18. BB&T voluntarily dismissed the Confirmation Action without prejudice on July 6, 2010. (*Id.*, ¶ 19.)

19. On November 2, 2016, BB&T filed its Complaint for Damages against Cooke in the above referenced action (the "Initial Complaint") asserting a claim for breach of the Guaranty. [Doc. 1.]

20. The Initial Complaint notified Cooke, pursuant to O.C.G.A. § 13-1-11, that BB&T intended to enforce the attorneys' fees provisions in the Note and Guaranty and he had ten (10) days from service of the Initial Complaint in which to pay the sums due, as well as any additional interest or other charges that might accrue prior to the tender of payment in full without also being liable for attorneys' fees. [Doc. 1, ¶ 10.] The Initial Complaint further notified Cooke that he could avoid the obligation to pay attorneys' fees by paying the sums owed and any additional interest or other charges that may accrue prior to the tender of payment in full, within ten (10) days after the date of service of the Initial Complaint. [*Id.*]

21. Cooke was served with the Initial Complaint on November 12, 2016. [Doc. 3.]

22. Cooke did not pay all amounts due and owing under the Note and Guaranty within ten (10) days of service of the Initial Complaint. (Cooke Dep. at 42:18-42:23, 44:13-44:15; Williams Decl., ¶ 20.)

23. On December 21, 2016, BB&T filed its Amended Complaint for Damages asserting a claim for attorneys' fees pursuant to O.C.G.A. § 13-1-11. [Doc. 6, ¶¶ 15-16.]

24. As of June 2, 2017, the following amounts are owed on the Note and Guaranty: principal balance in the amount of $563,450.00; accrued interest in the

amount of $422,940.03; *per diem* interest after June 2, 2017, and through judgment in the amount of $82.17; and fees in the amount of $5,494.34. (Williams Decl., ¶ 26.)

    25.    In addition, the Guaranty states that "[t]he undersigned shall be responsible for and shall reimburse the Bank for all costs and expenses and reasonable attorneys' fees incurred by the Bank in connection with the enforcement of this Guaranty." (Cooke Dep., Ex. 4 at 2.)

    26.    Pursuant to O.C.G.A. § 13-1-11(a)(2), "reasonable attorneys' fees" is construed to mean 15 percent of the first $500.00 of principal and interest owing on the Note and 10 percent of the amount of principal and interest owing thereon in excess of $500.00. O.C.G.A. § 13-1-11(a)(2).

    27.    As of June 2, 2017, BB&T's reasonable attorneys' fees equaled $98,664.00, with such reasonable attorneys' fees continuing to accrue through judgment along with the *per diem* interest in the amount of $8.217 per day. (Williams Decl., ¶ 29.)

    28.    Cooke "does not have any records to contradict" the amount of BB&T's damages. (Cooke Dep. at 47:11-47:13.)

This 2nd day of June, 2017.

                                    **STITES & HARBISON, PLLC**

| | |
|---|---|
| | */s/ Brian J. Levy* |
| | Paul G. Durdaller |
| | Georgia Bar. No. 234890 |
| 303 Peachtree Street, N.E. | pdurdaller@stites.com |
| Suite 2800 | Brian J. Levy |
| Atlanta, Georgia 30308 | Georgia Bar No. 302518 |
| Telephone: (404) 739-8800 | blevy@stites.com |
| Facsimile:  (404) 739-8890 | COUNSEL FOR PLAINTIFF |

11

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT was served via CM/ECF on all attorneys of record.

This 2nd day of June, 2017.

**STITES & HARBISON, PLLC**

303 Peachtree Street, N.E.
2800 SunTrust Plaza
Atlanta, Georgia 30308
Telephone: (404) 739-8800
Facsimile: (404) 739-8870

*/s/ Brian J. Levy*
Paul G. Durdaller
Georgia Bar. No. 234890
pdurdaller@stites.com
Brian J. Levy
Georgia Bar No. 302518
blevy@stites.com
COUNSEL FOR PLAINTIFF